UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**QUICK RESPONSE**
**COMMERCIAL DIVISION, LLC,**
as Assignee of Charbonneau
Properties, LLC,

            **Plaintiff/**            **1:14-cv-779**
            **Counter Defendant,**    **(GLS/DEP)**

            v.

**CINCINNATI INSURANCE**
**COMPANY,**

            **Defendant/**
            **Counter Claimant.**
_____

## SUMMARY ORDER

Cincinnati Insurance Company's second motion for summary judgment,[1] (Dkt. No. 57), is denied because there is a genuine dispute as to material facts, as explained below. *See Wagner v. Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011), *aff'd sub nom. Wagner v. Sprague*, 489 F. App'x 500 (2d Cir. 2012).

After Quick Response Commercial Division, LLC was ordered to

---

[1] The parties' familiarity with the court's Memorandum-Decision and Order as to Cincinnati's first motion for summary judgment, (Dkt. No. 31), including the factual background of the case, is assumed.

comply with the appraisal provision of the parties' policy, (Dkt. No. 31 at 14-15), an umpire awarded Quick Response $1.5 million, (Dkt. No. 57, Attach. 1 ¶¶ 14-15; Dkt. No. 58 ¶¶ 14-15). Cincinnati then paid Quick Response the balance due. (Dkt. No. 57, Attach. 1 ¶ 16; Dkt. No. 58 ¶ 16.) Thereafter, Cincinnati filed the pending motion for summary judgment, arguing it is entitled to dismissal because Quick Response cannot recover interest or attorney's fees. (*See generally* Dkt. No. 57.) Quick Response contends that it is entitled to such consequential damages. (*See generally* Dkt. No. 58.)

For the reasons stated in the prior Memorandum-Decision and Order, (Dkt. No. 31 at 10-14), it cannot be said as a matter of law that Cincinnati did not foresee and contemplate at least some of the consequential damages sought by Quick Response.[2] Nothing in Cincinnati's renewed arguments, (Dkt. No. 57, Attach. 1 at 5-15; Dkt. No. 59 at 2-10), changes that conclusion. Cincinnati is correct that Quick Response cannot recover

---

[2] Quick Response previously contended that depositions of Cincinnati's claims adjusters would show that Cincinnati foresaw its consequential damages. (Dkt. No. 25 at 18.) That Quick Response has not offered any such deposition testimony is not dispositive. The affidavit of Robert Serafini, a Quick Response employee, creates a genuine dispute as to whether Cincinnati foresaw and contemplated at least some of the consequential damages at issue—*i.e.*, interest. (Dkt. No. 25, Attach. 2 ¶¶ 4-10.) Recovery of attorney's fees is discussed *infra*.

damages if Cincinnati is not in breach. (Dkt. No. 57, Attach. 1 at 5-7); *see The Claveresk*, 264 F. 276, 284 (2d Cir. 1920). But whether Cincinnati breached the implied covenant of good faith and fair dealing is squarely in dispute. (Dkt. No. 57, Attach. 1 at 7-12; Dkt. No. 58 at 9-15.)[3] The parties dispute, among other things, which party was responsible for delays in the project, whether certain work was approved, and whether certain costs were reasonable. (*See, e.g.*, Dkt. No. 58, Attach. 1 at 368-72.)[4] These issues of material fact speak to whether Cincinnati performed in good faith and had a reasonable basis for adjusting the claim as it did—*i.e.*, whether Cincinnati breached the implied covenant and therefore the policy. *See Whiteface Real Estate Dev. and Constr., LLC v. Selective Ins. Co. of Am.*, No. 08–cv–24, 2010 WL 2521794, *4-5 (N.D.N.Y. June 16, 2010) (denying

---

[3] Cincinnati tries to distinguish between a breach of contract and a breach of the implied covenant of good faith and fair dealing, which is incorrect. (Dkt. No. 57, Attach. 1 at 5-7; Dkt. No. 59 at 5-7.) "[B]reach of the implied covenant [of good faith and fair dealing] is not a separate claim from breach of contract, it is an alternative means by which a contract may be breached." *Thompson v. Advanced Armament Corp.*, 614 F. App'x 523, 525 (2d Cir. 2015) (citing *Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 80 (2d Cir. 2002)). Thus it is possible, as Cincinnati argues, that it did not breach any express provision of the policy, (Dkt. No. 57, Attach. 1 at 10), yet nonetheless breached the contract by breaching the implied covenant, *see Wiseman v. ING Groep, N.V.*, 16-cv-07587, 2017 WL 4712417, at *8 (S.D.N.Y. Sept. 28, 2017). Moreover, because Quick Response has not specified an express provision of the policy that Cincinnati allegedly breached, (*see generally* Compl., Dkt. No. 1, Attach. 1; Dkt. No 58), its implied covenant claim is not subject to dismissal as redundant. *See Wiseman*, 2017 WL 4712417, at *8.

[4] The parties also dispute the timeliness of Cincinnati's adjustment and payments to Quick Response. (Dkt. No. 58 ¶¶ 23-25.)

summary judgment where questions of material fact existed regarding potential breach of implied covenant of good faith and fair dealing).

Cincinnati does make a new argument that Quick Response is not entitled to attorney's fees. (Dkt. No. 57, Attach. 1 at 13-15.)[5] "It is well established that, in general, 'an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy.'" *Nat'l R.R. Passenger Corp. v. Arch Specialty Ins. Co.*, 124 F. Supp. 3d 264, 280 (S.D.N.Y. 2015) (quoting *N.Y. Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 324 (1995)). But it is also true that "consequential damages resulting from a breach of the covenant of good faith and fair dealing may be asserted in an insurance contract context, so long as the damages were within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting." *Panasia Estates, Inc. v. Hudson Ins. Co.*, 10 N.Y.3d 200, 203 (2008) (internal quotation marks and citation omitted). In the face of this tension, courts

---

[5] The court's prior Memorandum-Decision and Order did not elaborate specifically on the topic of attorney's fees but rather included them in its discussion on consequential damages. (Dkt. No. 31 at 10-14.) This is because Cincinnati did not previously argue that recovery of attorney's fees is specifically barred by New York common law. (Dkt. No. 18, Attach. 1 at 10-15.) Cincinnati did not make that argument until its pending motion for summary judgment, (Dkt. No. 57, Attach. 1 at 13-15), which is why the issue is addressed here.

have decided that *Panasia*'s holding yields to the general rule, and attorney's fees cannot be recovered as consequential damages.  *See Roman Catholic Diocese of Rockville Ctr. v. Gen. Reinsurance Corp.*, No. 16 Civ. 02063, 2016 WL 5793996, at *5 (S.D.N.Y. Sept. 23, 2016) (citing *30-40 E. Main St. Bayshore, Inc. v. Republic Franklin Ins. Co.*, 115 A.D. 3d 737, 738 (2d Dep't 2014) and *Stein, LLC v. Lawyers Title Ins. Corp.*, 100 A.D.3d 622, 622-23 (2d Dep't 2012)); *Nat'l R.R. Passenger Corp.*, 124 F.Supp.3d at 280; *Woodworth v. Erie Ins. Co.*, No. 05–CV–6344, 2009 WL 1652258, at *5 (W.D.N.Y. June 12, 2009), *report and recommendation adopted as modified*, No. 05–CV–6344, 2009 WL 3671930 (W.D.N.Y. Oct. 29, 2009).

    However, an exception to the general rule against recovery of attorney's fees "exists where there has been an unreasonable, bad faith denial of coverage."  *Fulton Boiler Works, Inc. v. Am. Motorists Ins. Co.*, No. 5:06–CV–1117, 2010 WL 1257943, at *7 (N.D.N.Y. Mar. 25, 2010) (internal quotation marks and citation omitted).  Quick Response must make "a showing of such bad faith in denying coverage that no reasonable carrier would, under the given facts, be expected to assert it."  *Sukup v. State of New York*, 19 N.Y.2d 519, 522 (1967).  Although there is a strong

5

presumption against a finding of bad faith by an insurer, *see Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*, 252 F.3d 608, 624-25 (2d Cir. 2001), given the facts at issue, the existence of bad faith cannot be decided as a matter of law at this stage. *See Delman Fabrics Inc. v. Holland Fabrics Inc.*, No. 84 Civ. 2512, 1985 WL 332, at *1 (S.D.N.Y. Feb. 25, 1985) ("Summary judgment is simply not an appropriate procedural vehicle for the resolution of factual issues[.]").

Cincinnati also argues that the affidavit of Robert Serafini is an improper expert opinion. (Dkt. No. 59 at 4.) As Cincinnati raised this for the first time in its reply,[6] the argument is disregarded. *See Am. Hotel Int'l Grp., Inc. v. OneBeacon Ins. Co.*, 611 F. Supp. 2d 373, 375 (S.D.N.Y. 2009), *aff'd*, 374 F. App'x 71 (2d Cir. 2010). In any event, Cincinnati's conclusory argument does not explain how or why Serafini's affidavit "is essentially an expert opinion." (Dkt. No. 59 at 4.)[7]

All of Cincinnati's other arguments have been considered and do not establish that Cincinnati is entitled to summary judgment.

---

[6] Serafini's affidavit was initially offered in Quick Response's opposition to Cincinnati's first motion for summary judgment. (Dkt. No. 25, Attach. 2.)

[7] Cincinnati is free to renew this argument in connection with trial.

6

Accordingly, it is hereby

**ORDERED** that Cincinnati's motion for summary judgment (Dkt. No. 57) is **DENIED**; and it is further

**ORDERED** that this case is now deemed trial ready and a trial scheduling order will be issued in due course; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

May 14, 2018
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge