UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**QUICK RESPONSE**
**COMMERCIAL DIVISION, LLC,**
as Assignee of Charbonneau
Properties, LLC,

        **Plaintiff/**
        **Counter**
        **Defendant,**

        **v.**

**CINCINNATI INSURANCE**
**COMPANY,**

        **Defendant/**
        **Counter**
        **Claimant.**
_____

**1:14-cv-779**
**(GLS/DEP)**

## SUMMARY ORDER

Pending is Cincinnati Insurance Company's motion for reconsideration, (Dkt. No. 61), of the Summary Order denying its second motion for summary judgment, (Dkt. No. 60). For the reasons that follow, the motion is denied.[1]

Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g). "In order to prevail on a motion for

---

[1] Cincinnati also impermissibly filed a reply brief, (Dkt. No. 66), which the court does not consider. *See* N.D.N.Y. L.R. 7.1(b)(2),(g).

reconsideration, the movant must satisfy stringent requirements." *Clookey v. Citibank, N.A.*, 8:14-cv-1318, 2016 WL 3365438, at *1 (N.D.N.Y. June 16, 2016) (internal quotation marks and citation omitted). Such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). "The prevailing rule recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Clookey*, 2016 WL 3365438, at *1 (internal quotation marks and citation omitted).

Here, Cincinnati alleges five different clear errors of law and reasons to prevent manifest injustice. (Dkt. No. 61, Attach. 1 at 1-2.) The court addresses each in turn.

First, Cincinnati argues that the court mistakenly "allow[ed] for a bad faith cause of action for claim adjusting." (*Id.* at 2.) But the court did not

2

allow for such a cause of action. As explained in the Summary Order, at issue is whether Cincinnati breached the implied covenant of good faith and fair dealing. (Dkt. No. 60 at 3-4 & n.3.) The issue of bad faith was discussed in the context of an exception to the general rule against recovery of attorney's fees, not as a cause of action. (*Id.* at 5-6.)

Second, Cincinnati contends that "the Summary Order relies on inapposite authority and fails to apply governing authority on the issue of when the bad faith exception to the rule against recovery of attorney[']s[ ] fees applies." (Dkt. No. 61, Attach. 1 at 2.) Cincinnati argues that there was no denial of coverage, and the exception only applies when coverage is denied. (*Id.* at 4-6.) However, Cincinnati does not provide any authority that denial of coverage must be complete for the exception to apply. Indeed, the exception has applied in cases where an insurance company did not completely deny coverage but rather sought to delay payment or refused to make certain payments and conditioned other payments. *See Nat'l. R.R. Passenger Corp. v. Arch Specialty Ins. Co.*, 124 F. Supp. 3d 264, 280 (S.D.N.Y. 2015) (holding exception may apply where insurer allegedly declined to make interim payments and conditioned additional payments on certain legal concessions); *Exim, Inc. v. Innogarant, LLC*, No.

3

10 civ. 5271, 2011 WL 240130, at *1, *7 (S.D.N.Y. Jan. 19, 2011) (awarding attorney's fees for insurer's bad faith handling of claim where insurer sought "to avoid *or delay*" payments) (emphasis added); *Sukup v. State*, 19 N.Y.2d 519, 522 (1967) ("It would require more than an arguable difference of opinion between carrier and insured *over coverage* to impose an extra-contractual liability for legal expenses[.]") (emphasis added).² And Cincinnati's argument regarding a duty to defend, (Dkt. No. 61, Attach. 1 at 6), is inapposite because it concerns a different exception to the general bar against attorney's fees. *See Liberty Surplus Ins. Corp. v. Segal Co.*, 420 F.3d 65, 67-68, 70 (2d Cir. 2005) (explaining duty to defend in context of *Mighty Midgets* exception and separately analyzing bad faith exception).

Third, Cincinnati disagrees with the court that the issue of bad faith cannot be decided as a matter of law at summary judgment. (Dkt. No. 61, Attach. 1 at 7-9.) Cincinnati argues that Quick Response's admissions

---

² This only makes sense, because otherwise any insurer who admitted liability on a policy would be immune from the exception, no matter how unreasonable or untimely their position regarding coverage may be. Also, the fact that Cincinnati eventually fully paid the appraisal award is not dispositive. Quick Response set forth facts that Cincinnati failed to make timely payments, delayed the project, untimely adjusted its loss, and unfairly adjusted its loss, in arguing that Cincinnati acted in bad faith. (Dkt. No. 58 at 12-14.) As noted in the Summary Order, there is a strong presumption against a finding of bad faith by an insurer. (Dkt. No. 60 at 5-6.) But, as also explained in the Summary Order, factual disputes precluded a decision on bad faith at summary judgment. (*Id.* at 3, 5-6.)

4

regarding the demand for appraisal are dispositive of the bad faith issue. (*Id.* at 7.)  Depending on how the factual disputes still at issue are resolved, it may well be that Quick Response's rejection of the demand for appraisal caused the delay of Cincinnati's payment.  (*Id.*)  But, as explained in the Summary Order, factual disputes over such things as project delays, the timeliness of the adjustment, the fairness of the adjustment, and the timeliness of payments need to be resolved to decide the issue of bad faith.  (Dkt. No. 60 at 3 & n.4, 6.)  And Cincinnati is wrong that the only alleged evidence offered by Quick Response to show bad faith is the Serafini affidavit.  (Dkt. No. 61, Attach. 1 at 8.)[3]  There are other exhibits in the record, including e-mails, which the court cited in its Summary Order.  (Dkt. No. 60 at 3 & n.4.)

Fourth, Cincinnati argues that it was not precluded from opposing the Serafini affidavit in its reply.  (Dkt. No. 61, Attach. 1 at 9-11.)  Cincinnati is correct that the Serafini affidavit dated August 29, 2016, (Dkt. No. 58, Attach. 1 at 2-5), was filed, for the first time, before Cincinnati's reply, (Dkt.

---

[3] Cincinnati argues that "[a]s the [c]ourt recognized, the only alleged evidence offered by [Quick Response] to show bad faith was the Serafini [a]ffidavit." (Dkt. No. 61, Attach. 1 at 8.)  This is incorrect.  In the footnote that Cincinnati cites, the court stated that the affidavit "creates a genuine dispute as to whether Cincinnati foresaw and contemplated at least some of the consequential damages at issue—*i.e.*, interest." (Dkt. No. 60 at 2 n.2.)  Cincinnati is conflating the issues of bad faith and foreseeability of consequential damages.

5

No. 61, Attach. 1 at 9). However, Cincinnati did not object to the Serafini affidavit filed in conjunction with the first summary judgment motion, (Dkt. No. 25, Attach. 2), which is substantially the same as the later-filed Serafini affidavit, (Dkt. No. 58, Attach. 1 at 2-5). Moreover, the Summary Order gave an alternate basis for rejecting Cincinnati's argument that Serafini "improperly asserts what is essentially an expert opinion based on his 1990s work as a claims adjuster." (Dkt. No. 59 at 4.) The Summary Order stated that "[i]n any event, Cincinnati's conclusory argument does not explain how or why Serafini's affidavit is essentially an expert opinion." (Dkt. No. 60 at 6 (internal quotation marks and citation omitted).) That is, Cincinnati's argument gave no explanation as to what the improper opinion was or why it was an improper expert opinion. (Dkt. No. 59 at 4.) Additionally, the Serafini affidavit is not an improper affidavit of the type in the cases cited by Cincinnati, (Dkt. No. 59 at 2-3; Dkt. No. 61, Attach. 1 at 10-11), as it contains factual detail and is not merely conclusory or self-serving, (Dkt. No. 58, Attach. 1 at 2-5).

Cincinnati's fifth ground for reconsideration is that the Summary Order did not address some of its arguments. (Dkt. No. 61, Attach. 1 at 11.) This contention is incorrect. Cincinnati argued that interest cannot be

6

awarded under the New York prejudgment interest statute if there is no breach of contract.  (*Id.*)  Likewise, it argued that "interest cannot be awarded as a consequential damage unless there was a breach of contract with a breach of the covenant of good faith and fair dealing."  (*Id.*)  Both of these arguments were addressed because the Summary Order explained that whether Cincinnati breached the implied covenant of good faith and fair dealing is squarely at issue, and such a breach is a means of breaching the contract, (Dkt. No. 60 at 3 & n.3)—a point that Cincinnati seemingly still does not understand.  The Summary Order also explained why interest is potentially available—not under the insurance policy itself, as Cincinnati misapprehends, (Dkt. No. 61, Attach. 1 at 11)—but as part of Quick Response's consequential damages, (Dkt. No. 60 at 2 & n.2).  Cincinnati's argument that "Quick Response should not be rewarded with interest because it was Quick Response's own actions that caused the delay," (Dkt. No. 61, Attach. 1 at 11), was addressed not only by explaining that interest may be recoverable as part of consequential damages but also by noting the existence of factual disputes, including that "[t]he parties . . . dispute the timeliness of Cincinnati's adjustment and payments to

7

Quick Response." (Dkt. No. 60 at 3 & n.4.)[4]

"[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate . . . issue[s] already decided." *Shrader*, 70 F.3d at 257.

Accordingly, it is hereby

**ORDERED** that Cincinnati's motion for reconsideration (Dkt. No. 61) is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

June 27, 2018
Albany, New York

Gary L. Sharpe
U.S. District Judge

---

[4] Additionally, the end of the Summary Order states that "[a]ll of Cincinnati's other arguments have been considered and do not establish that Cincinnati is entitled to summary jdugment." (Dkt. No. 60 at 6.)

8